UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

DAN PELLEGRINI,

        Plaintiff,

    vs.

NACHES WONDERLAND CAMPERS ASSOCIATION, INC., et al.,

        Defendant.

No. CV-07-351-LRS

**ORDER OF DISMISSAL**

The *pro se* Plaintiff has filed a Complaint (Ct. Rec. 1) which he styles as a "Demand for a trial de novo."

It appears Plaintiff is asking this federal court to engage in appellate review of matters which have been adjudicated and/or are currently being adjudicated in either Yakima County District Court or Yakima County Superior Court. In other words, he is asking this court to engage in appellate review of state court cases in which alleged errors (constitutional and otherwise) occurred to the Plaintiff's detriment. This is not appropriate under the *Rooker-Feldman* doctrine.

A losing party in state court is barred from seeking review of the judgment in a federal district court by claiming that the state court judgment violated the loser's federal constitutional rights which were "inextricably intertwined" in the state court proceedings. *Johnson v. DeGrandy*, 512 U.S. 997, 1005-1006, 114 S.Ct. 2647 (1994). "Judicial errors committed in state courts are for correction in the state court systems." *Hale v. Harney*, 786 F.2d 688, 691 (5th Cir. 1986). Here,

**ORDER OF DISMISSAL-**        **1**

the Plaintiff is asking for relief which would effectively reverse state court decisions or void their rulings.  Plaintiff is attempting to improperly re-litigate issues previously presented to state courts.

The *Rooker-Feldman* doctrine is jurisdictional and this court is therefore obligated to raise it *sua sponte*.  *Worldwide Church of God v. McNair*, 805 F.2d 888, 890-91 (9th Cir. 1990).  This court does not have subject matter jurisdiction to entertain Plaintiff's claims and therefore, his complaint is **DISMISSED without prejudice**.  *Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988)(dismissal for lack of subject matter jurisdiction should be "without prejudice so that a plaintiff may reassert his claims in a competent court").  Plaintiff needs to assert his claims in state court (trial or appellate court as the case may be).

**IT IS SO ORDERED.**  The District Executive shall forward copies of this order to the plaintiff and close this file.

**DATED** this ___21st___ of November, 2007.

*s/Lonny R. Suko*
LONNY R. SUKO
United States District Judge

**ORDER OF DISMISSAL-        2**