1
2
3
4
5          UNITED STATES DISTRICT COURT
6          EASTERN DISTRICT OF WASHINGTON
7
8    DAN PELLEGRINI,                    )
                Plaintiff,              )        No. CV-07-351-LRS
9                                       )
         vs.                           )        **ORDER DENYING**
10                                      )        **MOTION FOR**
                                        )        **RECONSIDERATION**
11                                      )
     NACHES WONDERLAND                  )
12   CAMPERS ASSOCIATION, INC.,         )
     et al.,                           )
13                                      )
                Defendant.              )
14   _____ )

15       On November 21, 2007, the court, on its own motion (*sua sponte*), issued an

16   order dismissing Plaintiff's complaint without prejudice, finding it lacked subject

17   matter jurisdiction due to the *Rooker-Feldman* doctrine. Plaintiff was directed to

18   reassert his claims in state court.

19       Plaintiff has now filed a motion for reconsideration (Ct. Rec. 9), but he

20   states no grounds for reconsideration. " '[T]he major grounds that justify

21   reconsideration involve an intervening change of controlling law, the availability

22   of new evidence, or the need to correct a clear error or prevent manifest injustice."'

23   *Pyramid Lake Paiute Tribe v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1989)

24   (quoting 18 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* §

25   4478, at 790); see *Frederick S. Wyle P.C. v. Texaco, Inc*., 764 F.2d 604, 609 (9th

26   Cir. 1985); see also *Keene Corp. v. International Fidelity Ins. Co*., 561 F. Supp.

27   656, 665 (N.D. Ill. 1982) (reconsideration available "to correct manifest errors of

28

**ORDER DENYING MOTION**
**FOR RECONSIDERATION-      1**

law or fact or to present newly discovered evidence").  Such motions are not the proper vehicle for offering evidence or theories of law that were available to the party at the time of the initial ruling.  *Fay Corp. v. Bat Holdings I, Inc.*, 651 F. Supp. 307, 309 (W.D. Wash. 1987); see *Keene Corp.*, 561 F. Supp. at 665-66.  The foregoing notwithstanding, Plaintiff's motion provides no basis in law or fact to change the Court's earlier ruling.

Plaintiff's motion for reconsideration (Ct. Rec. 9) is **DENIED**.

**IT IS SO ORDERED.**  The District Executive shall forward copies of this order to the Plaintiff and close this file.

**DATED** this ___4th___ of December, 2007.


*s/Lonny R. Suko*
_____
LONNY R. SUKO
United States District Judge

**ORDER DENYING MOTION
FOR RECONSIDERATION-    2**